DECISION AND JUDGMENT
{¶ 1} This case is again before the court on appeal from the Lucas County Court of Common Pleas, Juvenile Division, which entered a judgment dismissing appellant, Manley E., from the proceedings. For the reasons that follow, we affirm the trial court's judgment. *Page 2 
 {¶ 2} A brief recitation of the facts is as follows. My'kavellie E. was born in July 2006. On July 24, 2006, Lucas County Children's Services ("LCCS") filed a complaint in dependency and neglect and a motion for a shelter care hearing. The complaint alleged that My'kavellie tested positive for cocaine at birth. The complaint listed appellant as an alleged father.
 {¶ 3} Thereafter, temporary custody was awarded to LCCS and appellant was ordered to submit to genetic testing. On November 15, 2006 appellant was dismissed from the action because he refused to submit to genetic testing. On March 28, 2007, My'kavellie's mother's parental rights were terminated and LCCS was awarded permanent custody.
 {¶ 4} Appellant filed an appeal with this court arguing that he was denied due process because he was not given the opportunity to establish paternity by alternate means (based on his religious beliefs, appellant was opposed to genetic testing.) In In the Matter of My'kavellieE., 6th Dist. No. L-07-1129, 2007-Ohio-7102, this court found appellant's arguments well-taken; we reversed the trial court's dismissal of appellant and vacated the award of permanent custody to LCCS as to appellant.
 {¶ 5} Upon remand, on January 23, 2008, LCCS filed an amended case plan which included, inter alia, that appellant establish paternity. On January 31, 2008, the trial court ordered the Lucas County Child Support Enforcement Agency ("LCCSEA") to conduct genetic testing using a DNA sample from a prior case. On February 7, 2008, the *Page 3 
LCCSEA filed the test results which showed a zero percent probability that appellant was the father of My'kavellie E. On February 8, 2008, the LCCSEA notified appellant of the results and further stated:
 {¶ 6} "You are hereby notified that you may object to the admission into evidence of the genetic test, within fourteen (14) days of the above date, by filing a written objection with the court pursuant to R.C. 3111.12(D)(1) of the Ohio Revised Code."
 {¶ 7} On February 15, 2008, LCCS filed a motion to dismiss appellant as a party to the proceedings based upon the genetic testing results. The motion to dismiss was granted on February 27, 2008. This appeal followed.
 {¶ 8} Appellant now raises the following assignment of error for our consideration:
 {¶ 9} "The trial court erred by ordering Lucas County Child Support Enforcement Agency, a third party to this action, to wrongfully utilize Manley [E.]'s private health information, provided to the third party previously in a separate matter, to determine paternity in this matter."
 {¶ 10} Appellant's sole assignment of error disputes the trial court's act of ordering LCCSEA to submit appellant's prior DNA sample for genetic testing in the instant case. Appellant further contends that, at minimum, LCCSEA should have been joined as a party in order to utilize the prior DNA sample. *Page 4 
 {¶ 11} R.C. 3111.09(A) provides, in relevant part:
 {¶ 12} "(A)(1) In any action instituted under sections 3111.01 to3111.18 of the Revised Code, the court, upon its own motion, may order and, upon the motion of any party to the action, shall order the child's mother, the child, the alleged father, and any other person who is a defendant in the action to submit to genetic tests. Instead of or in addition to genetic testing ordered pursuant to this section, the court may use the following information to determine the existence of a parent and child relationship between the child and the child's mother, the alleged father, or another defendant:
 {¶ 13} "* * *;
 {¶ 14} "(b) Results of genetic tests conducted on the child, the child's mother, the alleged father, or any other defendant pursuant to former section 3111.21 or 3111.22 or sections 3111.38 to 3111.54 of the Revised Code."
 {¶ 15} R.C. 3111.38 provides:
 {¶ 16} "At the request of a person described in division (A) of section 3111.04 of the Revised Code the child support enforcement agency of the county in which a child resides or in which the guardian or legal custodian of the child resides shall determine the existence or nonexistence of a parent and child relationship between an alleged father and the child."
 {¶ 17} Appellant fails to cite any authority to support his arguments that either the court lacked the authority to order the LCCSEA to submit the DNA sample without *Page 5 
appellant's consent or that the LCCSEA should have been joined as a party to the action. We further note that the state had a substantial interest in establishing My'kavellie's natural father. See State ex rel.Maxwell v. Trikilis, 9th Dist. No. 06CA0071-M, 2007-Ohio-1355,¶ 16, citing Marsh v. Clay (Dec. 28, 2000), 8th Dist. No. 77171.
 {¶ 18} We further find that, pursuant to R.C. 3111.12(D), appellant was given 14 days to object to the genetic test results and he failed to do so. At that point the report was admissible "without the need for foundation testimony or other proof of authenticity or accuracy." Id. See Joy B. v. Glen D. (Aug. 6, 1999), 6th Dist. No. OT-99-002.
 {¶ 19} Based on the foregoing, we find that the trial court did not err when it ordered LCCSEA to submit appellant's DNA sample for genetic testing and, subsequently, when it granted LCCS' motion to dismiss appellant from the action. Appellant's assignment of error is not well-taken.
 {¶ 20} On consideration whereof, we find that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J., CONCUR. *Page 1